# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

**BRYANT STEVENS GUIFARRO BENITEZ,**

    *Petitioner*,

v.                                                                Case No. 5:26-CV-0195-JKP

**MIGUEL VERGARA, Field Office Director**
**U.S. Immigration and Customs Enforcement, et al.,**

    *Respondents*.

## ORDER FOR SERVICE

    Before the Court is a Petition for Writ of Habeas Corpus (ECF No. 1). The Court hereby **DIRECTS** the Clerk of Court to furnish a copy of any noted filing and this Order to the Office of the United States Attorney in San Antonio, Texas. Delivery of those same documents by certified mail, return receipt requested, shall constitute sufficient service of process on the Federal Respondents, *see* Fed. R. Civ. P. 4(i), and on all Respondents unless otherwise contested. Service should be directed to

    Stephanie Rico, Civil Process Clerk
    U.S. Attorney's Office, Western District of Texas
    601 N.W. Loop 410, Suite 600
    San Antonio, Texas 78216.

    Federal Respondents are **ORDERED** to file a response to the Petition for Writ of Habeas Corpus **no later than January 22, 2026, at 1:00 p.m**. Because this case, at least in part, appears to turn on whether 8 U.S.C. § 1225 authorizes Petitioner's detention—a matter extensively addressed and rejected in the Western District of Texas whether Respondents contend that detention is proper under either § 1225(b)(1) or (2),[1] Respondents must consider the Court's prior orders

---

[1] Cases addressing detention under 8 U.S.C. § 1225(b)(1): *See, e.g.*, *Diaz Perez v. Thompson*, No. 5:25-CV-1664-JKP, 2025 WL 3654333 (W.D. Tex. Dec. 15, 2025); *Davila Mercado v. Lyons*, No. 5:25-CV-1623-JKP, 2025 WL 3654268 (W.D. Tex. Dec. 11, 2025).

Cases addressing detention under 8 U.S.C. § 1225(b)(2): *See, e.g.*, *Orellana v. U.S. Dep't of Homeland Sec.*, No. 5:25-CV-1028-JKP, 2025 WL 3471569 (W.D. Tex. Nov. 24, 2025); *Gonzalez v. Ortega*, No. 5:25-CV-1156-JKP, 2025 WL 3471571 (W.D. Tex. Nov. 24, 2025); *Trujillo v. Noem*, No. 5:25-CV-1266-JKP, 2025 WL 3471572 (W.D. Tex. Nov. 24, 2025); *Granados v. Noem*, No. SA-25-CA-01464-XR, 2025 WL 3296314 (W.D. Tex. Nov. 26, 2025).

Case addressing § 1225(b)(1) and § 1225(b)(2): *Tinoco Pineda v. Noem*, No. SA-25-CA-01518-XR, 2025 WL 3471418 (W.D. Tex. Dec. 2, 2025).

addressing this question. And the response shall specifically and expressly note (1) any material factual differences between those cases and this one, (2) any new arguments sought to be raised by Respondents, and (3) whether Respondents rely on any new material change in the legal landscape to support their continued detention of Petitioner.

The Court recognizes that unlike the cases identified, this case also invokes *Zadvydas v. Davis*, 533 U.S. 678 (2001) as a basis for finding the detention unlawful. Although *Zadvydas* detention issues are not as prevalent as detention predicated on § 1225(b)(1) or § 1225(b)(2), this Court has granted habeas relief under *Zadvydas*.[2] To the extent *Zadvydas* is relevant to Petitioner's detention, Respondents must also consider the listed prior orders addressing that Supreme Court precedent. While the potential applicability of *Zadvydas* may affect Respondent's option to file an abbreviated response, the Court will not preclude an abbreviated response should Respondents view such a response warranted in light of their legal arguments previously made.

In lieu of a full response, Respondents may instead file an abbreviated response indicating that there are no material factual or legal differences here and preserving all legal arguments previously made by the Federal Respondents in the identified cases. Alternatively, should Respondents deem that no response is warranted in this case to preserve legal arguments previously asserted, they may simply choose to file no response within the established deadline. Under that alternative, the Court may grant the petition for the reasons previously stated in other cases. Petitioner shall have seven days from the date a response is filed to file any reply.

**IT IS FURTHER ORDERED** that any possible or anticipated removal or transfer is **IMMEDIATELY STAYED** until further order from this Court. Respondents shall not transfer the above-named Petitioner outside of this judicial district during the pendency of this litigation and until further Order of this Court allowing removal or transfer. Of course, this stay does not preclude Respondents from taking necessary steps to effect Petitioner's removal, it merely stays the physical removal or transfer of Petitioner.

**IT IS SO ORDERED this 16th day of January 2026.**

JASON PULLIAM
UNITED STATES DISTRICT JUDGE

---

[2] *See, e.g.*, *Shengelia v. Ortega*, No. 5:25-CV-1545-JKP, 2025 WL 3654368 (W.D. Tex. Dec. 16, 2025); *Marquez-Amaya v. Thompson*, No. 5:25-CV-1501-JKP, 2025 WL 3654327 (W.D. Tex. Dec. 15, 2025).